BRIAN E. MIDDLEBROOK
BMIDDLEBROOK@GRSM.COM
DIRECT DIAL: (212) 453-0778

JOHN T. MILLS
JTMILLS@GRSM.COM
DIRECT DIAL: (212) 453-0708



ATTORNEYS AT LAW
1 BATTERY PARK PLAZA, 28TH FLOOR
NEW YORK, NY 10004
WWW.GRSM.COM

November 15, 2022

**VIA ECF**
The Honorable Lorna G. Schofield
United States District Court, Southern District of New York
500 Pearl Street
New York, NY 10007

    Re:    *Reynolds et al. v. Marymount Manhattan College*
              Case No.: 22-cv-6846

Dear Judge Schofield:

      As Your Honor is aware, this firm represents the interests of Defendant Marymount Manhattan College ("Defendant") in the above-referenced action. We write to respectfully request a pre-motion conference pursuant to Part III(A) and C(2) of Your Honor's Individual Practice Rules. Defendant intends to move to dismiss Plaintiffs Consolidated Amended Complaint ("Complaint") in its entirety with prejudice pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6) of or, in the alternative, to strike the class action allegations from the Complaint pursuant to Fed. R. Civ. P. 12(f). The basis for Defendant's anticipated motion is set forth below.[1]

      First and foremost, the Complaint must be dismissed in its entirety pursuant to Fed. R. Civ. P. 12(b)(1) because Plaintiffs lack standing to bring suit. Each of the Plaintiffs allege that they have spent time dealing with the alleged consequences of the data security incident, that they have suffered diminution in the value of their personal information, that they have suffered anxiety and increased concern for identity theft, and that they suffer from an increased risk of fraud, identity theft and misuse of their personal information. Compl. at ¶¶ 148-226. Plaintiff Lewis alleges that he has suffered multiple instances of fraud and identity theft, including an authorized charge on one of his payment cards despite the fact that no payment card information was impacted as a result of the data security incident. *Id.* at ¶ 160. Plaintiff France alleges that her finances and financial accounts were attacked and fraudulent accounts were attempted to be opened in her name, that she froze her credit as a result, that her information was found on the dark web, and that she experienced an increase in suspicious emails and spam telephone calls that she believes are the result of the data security incident. *Id.* at ¶ 180-87. Plaintiff Abrecht alleges that she received notice from Experian that her information was found on the dark web, and that she also she

---

[1] As the Court is aware, the Complaint spans 79 pages and 346 paragraphs. Given the limitations imposed pursuant to Part III(A) of Your Honor's Individual Practice Rules, Defendant's pre-motion letter is not intended to be exhaustive of each and every allegation set forth in the Complaint and each and every basis for dismissal of the Complaint pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6) or striking of the allegations pursuant to Fed. R. Civ. P. 12(f). Indeed, Defendant does not waive, and expressly reserves, the right to fully address these arguments through its anticipated motion to dismiss.

experienced an increase in suspicious emails and spam telephone calls that she believes are the result of the data security incident. *Id.* at ¶ 199, 201. Lastly, Plaintiff Diaab alleges that she receives spam calls and texts following the data security incident, which she believes demonstrates that her information is somehow being misused, that fraudulent accounts were opened in her name, and that fraudulent charges were made on her accounts and credit cards. *Id.* at ¶ 220-225. These allegations are entirely insufficient to support any argument that Plaintiffs have suffered a concrete injury-in-fact that confers standing and allows the Complaint to proceed.

The Second Circuit has addressed the issue of standing in the context of data security incident litigation and held that a plaintiff may establish standing based on an increased risk of identity theft or fraud by considering: (1) whether the plaintiff's data has been exposed as the result of a targeted attempt to obtain that data, which would make future harm more likely; (2) whether any portion of the dataset has already been misused, even if the plaintiffs themselves have not experienced identity theft or fraud; and (3) whether the type of data that has been exposed is of such a sensitive nature that the risk of identity theft or fraud is heightened. *McMorris v. Carlos Lopez & Associates, LLC*, 995 F.3d 295 (2d Cir. 2021).[2] Following the Second Circuit's decision in *McMorris*, the Supreme Court also held that "the mere risk of future harm, standing alone, cannot qualify as a concrete harm—at least unless the exposure to the risk of future harm itself causes a separate concrete harm." *TransUnion LLC v. Ramirez*, 141 S. Ct. 2190, 2210-11 (2021).

While the Complaint alleges that Plaintiffs' personal information was accessed and acquired by an unknown threat actor as a result of the data security incident and that the type of data that was potentially impacted as a result of the incident is of such a sensitive nature that the risk of identity theft or fraud is heightened, the allegations of actual harm or misuse of the data is entirely insufficient to confer standing under *McMorris* and its progeny. Courts interpreting *McMorris* have held that the second *McMorris* factor is critical to assessing whether a plaintiff has standing to bring suit, and that the allegations of any actual misuse of a plaintiff's information must be supported by sufficient factual allegations to support that the actual misuse was reasonably related to the incident at issue. *See De Medicis v. Ally Bank*, 2022 WL 3043669, at *7 (S.D.N.Y. Aug. 2, 2022) ("Generally, to provide that a data breach caused identity theft, the pleadings must include allegations of a nexus between the two instances beyond allegations of time and sequence") (citations omitted); *see also Blood v. Labette County Medical Center*, 2022 WL 11745549, at *6 (D. Ks. Oct. 20, 2022) (citing *In re Practicefirst Data Breach Litig.*, 2022 WL 354544, at *5 n.8 (W.D.N.Y. 2022), *adopted by district court*, 2022 WL 3045319) (allegation of increased spam calls, texts and emails do not constitute injury in fact). Plaintiffs rely upon nothing more than speculative assertions of injuries devoid of any factual allegation purporting to connect these alleged injuries to the data security incident at issue, and prospects of future harm that may occur at some unforeseeable point in the future, both of which are entirely insufficient to suffice to confer standing and allow the Complaint to proceed.

In the event that this Honorable Court were to conclude that Plaintiffs have standing to bring suit (which, as discussed above, they do not), the Complaint still must be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim. Each of the seven causes of action alleged

---

[2] "[I]n a class action, a court must analyze the injuries suffered by the named plaintiffs, not unnamed members of the potential class, to determine whether the plaintiffs have Article III standing." *In re USAA Data Security Litigation*, 2022 WL 3348527, at *6 (S.D.N.Y. Aug. 12, 2022) (quotations omitted).

in the Complaint is insufficiently pled and must be dismissed. First, Plaintiffs' claim for negligence fails because Plaintiffs do not plausibly allege any duty of care owed by MMC to protect or safeguard Plaintiffs' personal information. *See Toretto v. Donnelley Fin. Sols., Inc.*, 583 F.Supp.3d 570, 594-96 (S.D.N.Y. 2022); *see also In re Arby's Restaurant Group, Inc. Litigation*, 2018 WL 2128441 (N.D. Ga. Mar. 5, 2018). Second, Plaintiffs' claim for negligence *per se* fails because Section 5 of the FTC Act does not provide a private right of action and is not sufficiently specific enough to support a negligence *per se* claim. *See Smahaj v. Retrieval-Masters Creditors Bur., Inc.*, 2020 N.Y Misc. LEXIS 5620, 2020 N.Y. Slip. Op. 20222, at *12-*15 (Sup. Ct. Westchester Cnty. Sept. 4, 2020). Third, Plaintiffs' claim for unjust enrichment fails because Plaintiffs fail to allege what benefits, if any, were conferred on MMC as a result of its retention of Plaintiffs' personal information, which can potentially defeat this claim at the summary judgment sage. *See Mount v. PulsePoint, Inc.*, 684 Fed. Appx. 32, 36–37 (2d Cir. 2017), *citing Edelman v. Starwood Capital Grp., LLC*, 70 A.D.3d 246, 250 (1st Dep't 2009).

Turning to Plaintiffs' claims for breach of express and implied contract, both of these causes of action fail because Plaintiffs do not allege a specific contractual provision wherein MMC expressly contracted to protect Plaintiffs' personal information, and "a court cannot supply a specific obligation the parties themselves did not spell out." *Sackin v. TransPerfect Global, Inc.*, 278 F.Supp.3d 739, 750 (S.D.N.Y. 2017), *quoting Wallert v. Altan*, 141 F.Supp.3d 258, 286 (S.D.N.Y. 2015). Sixth, Plaintiffs' claim for violation of New York General Business Law § 349 fails because Plaintiffs fail to allege any deceptive conduct that they relied upon to support this claim. *See Fero v. Excellus Health Plan, Inc.*, 502 F.Supp.3d 724, 740 (W.D.N.Y. 2020). Seventh, Plaintiffs' claim for declaratory judgment and injunctive relief fails because the Complaint alleges injuries that are compensable through money damages. *Beautiful Home Textiles (USA), Inc. v. Burlington Coat Factory Warehouse Corp.*, 2014 WL 4054240, at *13 (S.D.N.Y. Aug. 15, 2014) (quotations omitted). Eighth, and lastly, Plaintiffs' claim for invasion of privacy fails because New York law does not acknowledge a common law right of privacy to support a claim for "invasion of privacy." *See Landwehrle v. Bianchi*, 75 Misc. 3d 1223(A) (Sup. Ct. N.Y. Cnty. Jun. 24, 2022) (citations omitted).

Lastly, even if the Court were to deny Defendant's motion under Fed. R. Civ. P. 12(b)(1) or 12(b)(6) (which it should not), the class action allegations must be stricken from the Complaint as the allegations in the Complaint make clear that Plaintiffs cannot and will not ever be able to satisfy the requirements of Fed. R. Civ. P. 23. *See Shaw v. Hornblower Cruises & Events, LLC*, 2022 WL 16748584, at *5 (S.D.N.Y. Nov. 7, 2022) (citations omitted).

In accordance with Part III(A) and C(2) of Your Honor's Individual Practice Rules, Defendant respectfully requests a pre-motion conference to address its anticipated motion to dismiss. The basis of the motion is set forth above. Defendant proposes the following briefing schedule: (1) opening briefs due on or before January 20, 2022; (2) opposition briefs, if any, due on or before February 10, 2022; and (3) responses to any opposition briefs, if any, due on or before February 24, 2022. This proposed briefing schedule allows the parties' time to focus their efforts on potential resolution of the matter, which would obviate the need for the filing of any motion by Defendant and any unnecessary waste of the parties' and the Court's resources. Defendant also respectfully requests that its time to respond to the Complaint be extended, and discovery be stayed, until after a resolution of the requested motion.

We appreciate the Court's attention to this matter. Should Your Honor have any questions or require additional information, please do not hesitate to contact the undersigned.

        Respectfully Submitted,

        GORDON REES SCULLY MANSUKHANI, LLP
        *Attorneys for Defendant*

        */s/ John Mills*
        John T. Mills

CC:    Counsel for all parties via ECF