

Terence R. Coates
Attorney

November 22, 2022

**VIA ECF**
The Honorable Lorna G. Schofield
United States District Court, Southern District of New York
500 Pearl Street, New York, NY 10007

      Re:    *Reynolds et al. v. Marymount Manhattan College*, No. 22-cv-6846

Dear Judge Schofield:

On November 15, 2022, Defendant filed a letter requesting a pre-motion conference under this Court's Individual Practice Rules. ECF No. 30. Defendant seeks an extension of time to file a motion to dismiss, and a stay of discovery pending the resolution of such motion. Defendant further argues that Plaintiffs' Consolidated Complaint ("CCAC"), ECF No. 22, should be dismissed upon its forthcoming motion to dismiss for lack of Article III standing and failure to state a claim, or in the alternative, to strike Plaintiffs' class allegations. Plaintiffs do not oppose the requested stay or briefing schedule as it will allow the parties time to continue negotiating an extrajudicial resolution of this matter. However, to the extent Defendant files a motion to dismiss or strike, it should be denied in its entirety.[1]

*Plaintiffs Have Standing*

Defendant argues that injuries like loss of time, loss of privacy, diminution in value of PII, emotional distress, confirmed exposure of PII on the dark web, attempted fraud, and theft are "entirely insufficient to support any argument that Plaintiffs have suffered a concrete injury-in-fact that confers standing …." ECF No. 30 at 1-2. Defendant is wrong. Each of these injuries, either independently or in connection with the substantial risk of harm Plaintiffs face, is sufficient to confer standing.

For support, Defendant relies on *McMorris*, in which the Second Circuit identified three factors to consider when evaluating if risk of harm is sufficient to confer standing: (1) whether the plaintiffs' data was exposed as the result of a targeted attempt to obtain that data; (2) whether any portion of the dataset has already been misused, even if the plaintiffs themselves have not yet experienced identity theft or fraud; and (3) whether the type of data that has been exposed is sensitive such that there is a high risk of identity theft or fraud. *McMorris v. Carlos Lopez & Associates*, LLC, 995 F.3d 295, 303 (2d Cir. 2021). Defendant concedes Plaintiffs satisfy the first and third factors, instead arguing the second factor is lacking because any alleged misuse of PII is not traceable to the Data Breach. ECF No. 30 at 2. Arguments concerning causation and traceability are routinely rejected at this stage. *See Cohen v. N.E. Radiology, P.C.*, No. 20 CV 1202 (VB), 2021 WL 293123, at *5-6 (S.D.N.Y. Jan. 28, 2021); *Lewert v. P.F. Chang's China Bistro, Inc.*, 819 F.3d 963, 967-68 (7th Cir. 2016). Regardless, *McMorris* is clear the second factor is not dispositive. *McMorris*, 995 F.3d at 301. The first and third factors together are sufficient to confer

---

[1] Plaintiffs do not currently intend to seek leave to amend their Consolidated Complaint.

November 22, 2022
Page 2 of 4

standing. *Rand v. Travelers Indem. Co.*, No. 21 CV 10744 (VB), 2022 WL 15523722, at *5 (S.D.N.Y. Oct. 27, 2022).

Furthermore, *McMorris* is only relevant to whether the risk of harm is sufficient to elevate the status of injuries otherwise insufficient to confer standing, like lost time, out of pocket costs, inconvenience, or garden variety emotional distress. *McMorris* has no bearing on injuries that are independent from the risk of harm, such as lost privacy, value of PII, or actual fraud. *See TransUnion LLC v. Ramirez*, 141 S. Ct. 2190, 2204 (2021) ("Various intangible harms can also be concrete," including "disclosure of private information" and "intrusion upon seclusion."); *Calhoun v. Google LLC*, 526 F. Supp. 3d 605, 636 (N.D. Cal. 2021) ("The Ninth Circuit … [has] concluded that plaintiffs who suffered a loss of their personal information suffered economic injury and had standing."); *Lewert*, 819 F.3d at 966–67 (time and money responding to fraud provides standing absent monetary damages).

***Plaintiffs State Valid Claims for Damages, Declaratory Judgment, and Injunctive Relief***

Defendant argues that Plaintiffs' claim for negligence fails because Plaintiffs do not plausibly allege Defendant owed a duty of care. ECF No. 30 at 3 (citing *Toretto v. Donnelley Fin. Sols., Inc.*, 583 F.Supp.3d 570, 594-96 (S.D.N.Y. 2022)). However, as in *Toretto*, Plaintiffs "have plausibly alleged that [Defendant] owed them a duty to exercise reasonable care safeguarding their personal information." *Toretto* at 593. This is the same conclusion reached by this Court in *Sackin v. TransPerfect Glob., Inc.*, 278 F. Supp. 3d 739, 747-48 (S.D.N.Y. 2017). *See also Rand*, 2022 WL 15523722, at *8.[2] The Court should reach the same conclusion here.

Defendant next argues that "Plaintiffs' claim for unjust enrichment fails because Plaintiffs fail to allege what benefits, if any, were conferred on MMC as a result of its retention of Plaintiffs' personal information, which can potentially defeat this claim at the summary judgment sage." ECF No. 31 at 3 (citing *Mount v. PulsePoint, Inc.*, 684 Fed. Appx. 32, 36–37 (2d Cir. 2017)). However, this case is not at summary judgment. Moreover, in *Mount*, the plaintiffs alleged injury based on misappropriation of the value of their browsing information, which they conceded was insufficient. Unlike *Mount*, Plaintiffs allege Defendant was unjustly enriched by the retention of money that should have been used for data security. CCAC, ¶¶ 266-75. This Court upheld the same theory in *Sackin*, 278 F. Supp. 3d at 751-52.

Defendant also takes aim at Plaintiffs' claims for breach of express and implied contract, asserting that Plaintiffs do not identify specific contractual provision giving rise to contractual obligations. ECF No. 30 at 3. However, Plaintiffs have pointed to provisions in Defendant's privacy policy sufficient to form an express contract. *Cf. Greco v. Syracuse ASC, LLC*, 2021 WL 9038121, 2022 N.Y. Slip Op. 32104(U), at *2 (Sup. Ct. Onondaga Cnty. June 28, 2021). Plaintiffs recognize that in *Sackin*, this Court found statements in a privacy policy insufficient to state a claim for breach of express contract. *Sackin*, 278 F. Supp. 3d at 750. However, the statements here

---

[2] Defendant also argues that the FTC Act cannot support a claim for negligence *per se* under New York law. ECF No. 31 at 3. Defendant does not point to any appellate decisions by state courts addressing this issue, and at least one federal court has rejected Defendant's argument. *See In re Capital One Consumer Data Sec. Breach Litig.*, 488 F. Supp. 3d 374, 408 (E.D. Va. 2020).

are more definite than those in *Sackin*. Compare *id. with* CCAC, ¶¶ 42-46. This Court should follow the more recent decision in *Greco*.

Regardless, "[a]n implied contract is naturally formed where a person discloses sensitive information to receive a benefit, with the expectation that such information will be protected." *Greco*, 2021 WL 9038121, at *3; *see also McFarlane v. Altice USA, Inc.*, 524 F. Supp. 3d 264, 282 (S.D.N.Y. 2021) (same). "[I]t is difficult to imagine how, in our day and age of data and identity theft, the mandatory receipt of Social Security numbers or other sensitive personal information would not imply the recipient's assent to protect the information sufficiently." *Sackin*, 278 F. Supp. 3d at 751. As this Court recognized in *Sackin*, statements in a privacy policy may be used to demonstrate the existence of such an implied contract even if they are insufficient on their own to form an express contract. *Sackin*, 278 F. Supp. 3d at 750-51.

Defendant next argues that Plaintiff's statutory claim under New York General Business Law § 349 "fails because Plaintiffs fail to allege any deceptive conduct that they relied upon to support this claim." ECF No. 30 at 3. However, "[a] plaintiff bringing a claim under this section must simply raise a reasonable inference of causation rather than demonstrating reliance." *Greco*, 2021 WL 9038121, at *3; *see also In re Marriott Intl., Inc., Customer Data Sec. Breach Litig.*, 341 F.R.D. 128, 158 (D. Md. 2022) (Section 349 actions do "not require proof of actual reliance."). Plaintiffs have exceeded the notice pleading standard here. *See* CCAC, ¶¶ 302-21.

Defendant argues that Plaintiffs' claim for declaratory judgment and injunctive relief fails because the Complaint alleges injuries that are compensable through money damages. ECF No. 30 at 3 (citing *Beautiful Home Textiles (USA), Inc. v. Burlington Coat Factory Warehouse Corp.*, 2014 WL 4054240, at *13 (S.D.N.Y. Aug. 15, 2014)). However, *Beautiful Home* merely held that irreparable harm is an element of injunctive relief that ordinarily cannot be satisfied when injuries are redressable through monetary damages. This general rule does not preclude injunctive or declaratory relief when data breach victims continue to face a substantial risk of harm from the failure to reasonably safeguard PII. *See In re USAA Data Sec. Litig.*, No. 21 CV 5813 (VB), 2022 WL 3348527, at *11-12 (S.D.N.Y. Aug. 12, 2022).

With respect to Defendant's final argument under Rule 12(B)(6), Plaintiffs understand that New York does not recognize a common law right to privacy. *See* ECF No. 30 at 3. However, Plaintiffs may state an invasion of privacy claim under Section 51 of the New York Civil Rights Law. *See Greco*, 2021 WL 9038121, at *4. Although unnecessary, Plaintiffs do not oppose amending their complaint to explicitly identify this statutory right of action.

### *The Court Should Not Strike Plaintiffs' Class Allegations*

Defendant's final argument is that "class action allegations must be stricken" because "Plaintiffs cannot and will not ever be able to satisfy the requirements of" Rule 23. ECF No. 30 at 4 (citing *Shaw v. Hornblower Cruises & Events, LLC*, 2022 WL 16748584, at *5 (S.D.N.Y. Nov. 7, 2022)). However, Defendant has not demonstrated that certification is impossible. Notably, the motion to strike in *Shaw* was denied. In fact, multiple federal courts have certified data breach actions following contested Rule 23 motions. *See, e.g., In re Brinker Data Incident Litig.*, No. 3:18-CV-686-TJC-MCR, 2021 WL 1405508, at *14 (M.D. Fla. Apr. 14, 2021); *In re Marriott Intl., Inc., Customer Data Sec. Breach Litig.*, 341 F.R.D. 128, 174 (D. Md. 2022).

  For the foregoing reasons, Plaintiffs do not object to the proposed briefing schedule or stay of discovery. However, any motion to dismiss or strike in this matter would be futile.

          Sincerely,

          Terence R. Coates
          MARKOVITS, STOCK & DEMARCO, LLC

CC: Counsel for all parties via ECF