**EXHIBIT 1**

## CLAIM FORM

This claim form should be filled out online or submitted by mail if you received a notification from Marymount Manhattan College that your personal information was or may have been compromised in the data security incident in or about November 2021 (the "Data Incident"), and you had out-of-pocket losses or lost time spent dealing with the Data Incident, or you wish to claim credit monitoring and identity protection services to be paid for by Marymount Manhattan College, or you wish to claim an alternative cash payment in lieu of any other benefits that may be available under the settlement. You may get a check if you fill out this claim form, if the settlement is approved, and if you are found to be eligible for a payment. The Settlement establishes a $1,300,000.00 fund to compensate Settlement Class Members for their lost time and out-of-pocket losses as well as for the costs of notice and administration, certain taxes, service award payments, and attorney fee awards and costs as awarded by the Court.

The settlement notice describes your legal rights and options. Please visit the official settlement administration website, www.marymountsettlement.com, or call 1-833-747-6767 for more information.

If you wish to submit a claim for a settlement payment, you need to provide the information requested below. Please print clearly in blue or black ink. The **DEADLINE** to submit this claim form online (or have it postmarked for mailing) is **August 11, 2023**.

*Si necesita ayuda en español, comuníquese con el administrador al 1-833-747-6767.*

1.  SETTLEMENT CLASS MEMBER INFORMATION (ALL INFORMATION IS REQUIRED):

Name: _____

Address: _____

_____

Telephone: _____     Email: _____

2.  PAYMENT ELIGIBILITY INFORMATION.

Please review the notice and Sections III through V of the Settlement Agreement (available at www.marymountsettlement.com) for more information on who is eligible for a payment and the nature of the expenses or losses that can be claimed.

Please provide as much information as you can to help us figure out if you are entitled to a settlement payment.

PLEASE PROVIDE THE INFORMATION LISTED BELOW:

Check the box for each category of benefits you would like to claim. Categories include out-of-pocket losses that you had to pay as a result of the Data Incident, time you had to spend dealing with the effects of the Data Incident, and up to one year of credit monitoring and identity protection services. Alternatively, you may claim an alternative cash payment in lieu of any other benefits that may be available under this settlement.

Please be sure to fill in the total amount you are claiming for each category and to attach documentation of the charges as described in bold type (if you are asked to provide account statements as part of proof required for any part of your claim, you may mark out any unrelated transactions if you wish).

a.   Ordinary Out-of-Pocket Losses Resulting from the Data Incident:

_____ I incurred unreimbursed charges as a result of the Data Incident.

Examples - unreimbursed costs, expenses, losses or charges incurred as a result of identity theft or identity fraud, falsified tax returns, or other possible misuse of your information; costs incurred on or after November 12, 2021 through August 11, 2023 associated with purchasing or extending additional credit monitoring or identity theft protection services and/or accessing or freezing/unfreezing credit reports with any credit reporting agency;

other miscellaneous expenses incurred such as notary, fax, postage, copying, mileage and long-distance telephone charges that were incurred on or after November 12, 2021 through August 11, 2023.

Total amount for this category $ _____

*If you are seeking reimbursement for fees, expenses, or charges, please attach a copy of a statement from the company that charged you, or a receipt for the amount you incurred.*

*If you are seeking reimbursement for credit reports, credit monitoring, or other identity theft insurance product purchased between November 12, 2021 through August 11, 2023, please attach a copy of a receipt or other proof of purchase for each credit report or product purchased.* *(Note: By claiming reimbursement in this category, you certify that you purchased the credit monitoring or identity theft insurance product primarily because of the Data Incident and not for any other purpose).*

Supporting documentation must be provided. You may mark out any transactions that are not relevant to your claim before sending in the documentation.

b.    Extraordinary Out-of-Pocket Losses Resulting from the Data Incident:

_____ I incurred unreimbursed charges as a result of the Data Incident.

Examples - unreimbursed costs, expenses, losses or charges incurred as a result of identity theft or identity fraud, falsified tax returns, or other possible misuse of your information; costs incurred on or after November 12, 2021 through August 11, 2023 associated with purchasing or extending additional credit monitoring or identity theft protection services and/or accessing or freezing/unfreezing credit reports with any credit reporting agency; other miscellaneous expenses incurred such as notary, fax, postage, copying, mileage and long-distance telephone charges that were incurred on or after November 12, 2021 through August 11, 2023.

Total amount for this category $ _____

*If you are seeking reimbursement for fees, expenses, or charges, please attach a copy of a statement from the company that charged you, or a receipt for the amount you incurred.*

*If you are seeking reimbursement for credit reports, credit monitoring, or other identity theft insurance product purchased between November 12, 2021 through August 11, 2023, please attach a copy of a receipt or other proof of purchase for each credit report or product purchased.* *(Note: By claiming reimbursement in this category, you certify that you purchased the credit monitoring or identity theft insurance product primarily because of the Data Incident and not for any other purpose).*

*Additionally, you must provide documentation demonstrating that you made reasonable efforts to avoid, or seek reimbursement for, the loss, including but not limited to exhaustion of the benefits made available any credit card, credit monitoring/identity protection or financial service(s).*

Supporting documentation must be provided. You may mark out any transactions that are not relevant to your claim before sending in the documentation.

c.    Between one and five hours of documented time spent dealing with the Data Incident:

_____ I certify that I spent time dealing with the effects of the Data Incident.

Examples – You spent valuable time calling customer service lines, writing letters or emails, or on the Internet in order to get fraudulent charges reversed or in

updating automatic payment programs because your card number changed.  You spent valuable time signing up for credit monitoring or identity theft protection services or freezing/unfreezing credit reports with any credit reporting agency.

I certify that the following amount of time in response to the Data incident:

_____ hour(s)                    _____ minute(s)

Please describe the time spent dealing with the effects of the Data Incident:

_____
_____
_____

d.      Claim up to 1-year of credit monitoring and identity protection services:

_____ I would like to claim 1-year of credit monitoring and identity protection services.

The Settlement requires Marymount Manhattan College to provide up to one-year of credit monitoring and identity protection services to any Settlement Class Member who timely claims it.

e.      In lieu of any other benefits above, claim an alternative cash payment of $150.00:

_____ I would like to claim an alternative cash payment.

The Settlement requires Marymount Manhattan College to provide an alternative cash payment to any Settlement Class Member who timely claims it. This is in lieu of any other benefits which may be available under the settlement outlined above.

***If you file a claim for an alternative cash payment you cannot file a claim any other benefits under (a) through (d) above.

3.   SIGN AND DATE YOUR CLAIM FORM.

I declare under penalty of perjury under the laws of the United States and the laws of my State of residence that the information supplied in this claim form by the undersigned is true and correct to the best of my recollection, and that this form was executed on the date set forth below.

I understand that I may be asked to provide supplemental information by the Settlement Administrator before my claim will be considered complete and valid.

_____        _____        ____/____/_____
Signature                                    Print Name                                                Date

4.   MAIL YOUR CLAIM FORM, OR SUBMIT YOUR CLAIM FORM ONLINE.

This claim form must be:

Postmarked by August 11, 2023 and mailed to: Marymount Manhattan College Data Incident Settlement Administrator, c/o Kroll Settlement Administration, P.O. Box 5324, New York, NY 10150-5324; OR

Emailed by midnight on August 11, 2023 to info@marymountsettlement.com; OR

Submitted through the Settlement Website by midnight on August 11, 2023 at: www.marymountsettlement.com.

**<u>EXHIBIT 2</u>**

UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK

*Reynolds, et al. v. Marymount Manhattan College*, Case No. 1:22-cv-06846-LGS

# If Marymount Manhattan College notified you of a Data Incident in or around November 2021, you may be eligible for benefits from a class action settlement.

*A court authorized this Notice. This is not a solicitation from a lawyer.*

*Si necesita ayuda en español, comuníquese con el administrador al 1-833-747-6767.*

- A Settlement has been reached in a class action lawsuit against Marymount Manhattan College ("MMC" or "Defendant") concerning a data security incident that occurred in or around November 2021 (the "Data Incident").

- The lawsuit is called *Reynolds, et al. v. Marymount Manhattan College*, Case No. 1:22-cv-06846-LGS (the "Action"). The lawsuit alleges that the Data Incident potentially exposed certain personal identifying information ("PII") of Plaintiffs and the members of the putative class.

- The Settlement Class includes all individuals who were sent notification by MMC that their personal information was or may have been compromised in the Data Incident.  It excludes: (1) the judges presiding over this Action, and members of their direct families; (2) MMC, its subsidiaries, parent companies, successors, predecessors, and any entity in which MMC or its parents have a controlling interest and their current or former officers, directors, and employees; and (3) Settlement Class Members who submit a valid a Request for Exclusion prior to the Opt-Out Deadline.

- Your legal rights are affected regardless of whether you act. Please read this notice carefully.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| **SUBMIT A CLAIM FORM** | This is the only way you may receive benefits from this Settlement. The deadline to submit a Claim Form is August 11, 2023. |
| **EXCLUDE YOURSELF FROM THE SETTLEMENT** | You will receive no payment, but you will retain any rights you currently have with respect to Defendant and the issues in this case.  The deadline to exclude yourself from the Settlement is August 11, 2023. |
| **OBJECT TO THE SETTLEMENT** | Write to the Settlement Administrator explaining why you do not agree with the Settlement. The deadline to object is August 11, 2023. |
| **ATTEND THE FINAL APPROVAL HEARING** | You or your attorney may attend and speak about your objection at the Final Approval Hearing. The Final Approval Hearing will be held on [_____ __], 202_. |

| **DO NOTHING** | You will not get any benefits from the Settlement and you will give up certain legal rights. You will remain in the Settlement Class and be subject to the Release. |

- These rights and options, and the deadlines to exercise them, are explained in this Notice. For complete details, please see the Settlement Agreement, whose terms control, available at www.marymountsettlement.com.

- The Court in charge of this case still has to decide whether to approve the Settlement. No Settlement benefits or payments will be provided unless the Court approves the Settlement and it becomes final.

## BASIC INFORMATION

### 1.    What is this Notice and why should I read it?

The Court authorized this Notice to inform you about a proposed Settlement with MMC. You have legal rights and options that you may act on before the Court decides whether to approve the proposed Settlement.  This Notice explains the lawsuit, the Settlement, and your legal rights.

The case is called *Reynolds, et al. v. Marymount Manhattan College,* Case No. 1:22-cv-06846-LGS.

### 2.    What is a class action lawsuit?

A class action is a lawsuit in which one or more plaintiffs—in this case, Plaintiffs and Class Representatives Patrick Reynolds, Daniel Lewis, Lucia Marano, Kristen France, Abbey Abrecht and Jahidah Diaab—sue on behalf of a group of people who have similar claims.  Together, this group is called a "Class" and consists of "Class Members."  In a class action, the court resolves the issues for all class members, except those who exclude themselves from the class.

## THE CLAIMS IN THE LAWSUIT AND THE SETTLEMENT

### 3.    What is this lawsuit about?

Plaintiffs claim that Defendant failed to implement and maintain reasonable security measures to adequately protect the PII in its possession and to prevent the Data Incident from occurring.

Defendant denies that it is liable for the claims made in the lawsuit and deny any allegations of wrongdoing.  More information about the complaint in the lawsuit can be found on the Settlement Website, at www.marymountsettlement.com.

### 4.    Why is there a Settlement?

The Court has not decided whether the Plaintiffs or Defendant should win this case. Instead, both sides agreed to this Settlement. That way, they can avoid the uncertainty, risks, and expense of ongoing litigation, and Settlement Class Members will be eligible to get compensation now rather than years later—if ever. The Class Representatives and attorneys for the Settlement Class

Members, called Class Counsel, agree the Settlement is in the best interests of the Settlement Class Members. The Settlement is not an admission of wrongdoing by the Defendant.

## WHO'S INCLUDED IN THE SETTLEMENT?

### 5.    How do I know if I am in the Settlement Class?

You are part of the Settlement as a Settlement Class Member if you received a notification letter from MMC stating that your personal information was or may have been compromised in the Data Incident.

Settlement Class Members will have been mailed notice of their eligibility. If you are still not sure whether you are included, you can contact the Settlement Administrator by calling 1-833-747-6767, by emailing info@marymountsettlement.com, or by visiting the Settlement Website, at www.marymountsettlement.com.

This Settlement Class does not include (1) the judges presiding over this Action, and members of their direct families; (2) MMC, its subsidiaries, parent companies, successors, predecessors, and any entity in which MMC or its parents have a controlling interest and their current or former officers, directors, and employees; and (3) Settlement Class Members who submit a valid a Request for Exclusion prior to the Opt-Out Deadline.

## THE SETTLEMENT BENEFITS

### 6.    What does the Settlement provide?

Under the proposed Settlement, MMC will pay (or cause to be paid) $1,300,000.00 into a Settlement Fund. The Settlement Fund, plus interest accrued thereon, will pay notice and administration costs, Court-approved attorneys' fees and costs, Court-approved service awards for class representatives, and certain Settlement Fund taxes and tax expenses (the "Net Settlement Fund"). The Net Settlement Fund will be used to provide eligible Settlement Class Members with payments and benefits described below.[1]

**Reimbursement for Lost Time and Ordinary Out-of-Pocket Losses**: If you spent time responding to the Data Incident, you may be eligible to receive compensation for Lost Time. If you incurred financial losses that are fairly traceable to the Data Incident, you may be eligible to receive reimbursement for ordinary out-of-pocket losses.

      A.   **Lost Time:** A claim for reimbursement may also include a claim for up to 5 hours of time spent in response to the Data Incident. Lost Time will be compensated at $20.00/hour and requires a brief description of the action taken in response to the Data Incident and the time associated with those actions.

---

[1] If the benefits claimed by all Settlement Class Members meets or exceeds the amount of the Net Settlement Fund, then the payments and/or benefits for your Claim may be reduced *pro rata* by the Settlement Administrator so that the aggregate cost of all payments and benefits does not exceed the amount of the Net Settlement Fund.

**B. Ordinary Out-of-Pocket Losses:** A claim for reimbursement may include, but are not limited to the following provided the expenses were incurred primarily as a result of the Data Incident: (1) unreimbursed costs, expenses, losses or charges incurred as a result of identity theft or identity fraud, falsified tax returns, or other possible misuse of your personal information; (2) costs incurred on or after November 12, 2021 associated with purchasing or extending additional credit monitoring or identity theft protection services and/or accessing or freezing/unfreezing credit reports with any credit reporting agency; and (3) other miscellaneous expenses incurred relating to any ordinary out-of-pocket loss such as notary, fax, postage, copying, mileage and long-distance telephone charges. Claims for ordinary out-of-pocket expenses or losses are subject to a $750.00 cap, which is aggregated with a claim for lost time.

**Reimbursement of Extraordinary Out-of-Pocket Losses:** In addition to a claim for ordinary out-of-pocket losses, you may file a claim for reimbursement of extraordinary out-of-pocket losses. Losses qualify for reimbursement under this category if: (1) the loss is an actual, documented, and unreimbursed monetary loss; (2) the loss was more likely than not caused by the Data Incident; (3) the loss occurred on or after November 12, 2021; (4) the loss is not already covered by one or more of the normal reimbursement categories provided under this Settlement Agreement; and (5) the Settlement Class Member has made reasonable efforts to avoid, or seek reimbursement for, the loss, including but not limited to exhaustion of the benefits made available to the Settlement Class Member under any applicable credit card, credit monitoring/identity protection or financial service(s). Claims for extraordinary out-of-pocket losses are subject to a $7,500.00 cap.

**Credit Monitoring:** All Settlement Class Members are eligible to receive one (1) year of identity theft protection and credit monitoring, which includes identity theft monitoring, alerts, three bureau credit monitoring, fraud resolution, and up to $1 million identity theft insurance coverage for certain costs, identity restoration, and unauthorized electronic fund transfers.

**Alternative Cash Payment**: In lieu of filing a claim for reimbursement of ordinary out-of-pocket losses, extraordinary out-of-pocket losses, attested time, or for credit monitoring, all Settlement Class Members may file a claim for an alternative cash payment of $150.00. By filing a claim for an alternative cash payment, Settlement Class Members are giving up their right to file a claim for any other benefits made available under this settlement.

**Confirmatory Discovery:** Defendant has also agreed to provide documents and information to Class Counsel showing that MMC has taken data security measures to remedy the issues that led to the Data Incident and has implemented other business practices to help ensure information security. For complete details, please see the Settlement Agreement, whose terms control, at www.marymountsettlement.com.

### HOW TO GET BENEFITS

### 7.    How do I make a Claim?

To qualify for a Settlement benefit, you must complete and submit a Claim Form.

Settlement Class Members who want to submit a Claim must fill out and submit a Claim Form online at the Settlement Website at, www.marymountsettlement.com, or by mail to the Settlement Administrator. Claim Forms are available through the Settlement Website at, www.marymountsettlement.com or by calling 1-833-747-6767.

**All Claim Forms must be submitted no later than August 11, 2023.**

## 8.   When will I get my payment?

The hearing to consider the fairness of the Settlement is scheduled for [_____ __], 202_. If the Court approves the Settlement, eligible Settlement Class Members whose claims were approved by the Settlement Administrator will be sent payment after all appeals and other reviews, if any, are completed.  Please be patient.

## THE LAWYERS REPRESENTING YOU

## 9.   Do I have a lawyer in this case?

Yes, the Court has appointed Milberg Coleman Bryson Phillips Grossman, PLLC, Morgan & Morgan, P.A., Turke & Strauss LLP, and Markovits, Stock & DeMarco, LLC as "Class Counsel" to represent you and all Settlement Class Members. You will not be charged for these lawyers. You can ask your own lawyer to appear in Court for you at your own expense if you want someone other than Class Counsel to represent you.

## 10.   How will the lawyers be paid?

To date, Class Counsel has not received any payment for their services in conducting this litigation on behalf of the Class and have not been paid for their out-of-pocket expenses.  Class Counsel will ask the Court for an award of attorneys' fees not to exceed 30% of the Settlement Fund, and for the reimbursement of litigation costs and expenses not to exceed $10,000, which were incurred in connection with the Action.  Such sums as may be approved by the Court will be paid from the Settlement Fund.

Class Counsel will also request a service award payment of $3,500.00 for each Class Representative to be paid from the Settlement Fund.

The Court will determine the proper amount of any attorneys' fees, costs, and expenses to award Class Counsel and the proper amount of any service awards to the Class Representatives.

Class Counsel will file their request for attorneys' fees, costs, and expenses and service awards for the Class Representatives with the Court, which will also be posted on the Settlement Website, at www.marymountsettlement.com.

## YOUR RIGHTS AND OPTIONS

## 11.   What claims do I give up by participating in this Settlement?

If you do not exclude yourself from the Settlement, you will not be able to sue MMC about the Data Incident, and you will be bound by all decisions made by the Court in this case, the

Settlement, and its included Release. This is true regardless of whether you submit a Claim Form. However, you may exclude yourself from the Settlement (*see* Question 14). If you exclude yourself from the Settlement, you will not be bound by any of the Released Claims, which are described in the Settlement Agreement available on the Settlement Website, at www.marymountsettlement.com.

## 12.   What happens if I do nothing at all?

If you do nothing, you will receive no benefits under the Settlement. You will be in the Settlement Class, and if the Court approves the Settlement, you will also be bound by all orders and judgments of the Court, the Settlement, and its included Release. You will be deemed to have participated in the Settlement and will be subject to the provisions of Section 11 above. Unless you exclude yourself, you won't be able to file a lawsuit or be part of any other lawsuit against MMC for the claims or legal issues released in this Settlement.

## 13.   What happens if I ask to be excluded?

If you exclude yourself from the Settlement, you will receive no benefits under the Settlement. However, you will not be in the Settlement Class and will not be legally bound by the Court's judgments related to the Settlement Class and MMC in this class action.

## 14.   How do I ask to be excluded?

You can ask to be excluded from the Settlement. To do so, you must send a written notification to the Settlement Administrator stating that you want to be excluded from the Settlement in *Reynolds, et al. v. Marymount Manhattan College,* Case No. 1:22-cv-06846-LGS. Your written notification must include: (1) the name of the proceeding; (2) your full name and current address; (3) your signature; and (4) the words "Request for Exclusion" or a comparable statement that you not wish to participate in the Settlement at the top of the communication. You must mail your exclusion request, postmarked no later than August 11, 2023, to the following address:

Marymount Manhattan College Data Incident Settlement Administrator
c/o Kroll Settlement Administration
P.O. Box 5324
New York, NY 10150-5324

You cannot exclude yourself by phone or email. Any individual who wants to be excluded from the Settlement must submit his or her own exclusion request. No group opt-outs shall be permitted.

## 15.   If I don't exclude myself, can I sue MMC for the same thing later?

No. Unless you exclude yourself, you give up any right to sue MMC for the claims or legal issues released in this Settlement, even if you do nothing.

## 16.   If I exclude myself, can I get anything from this Settlement?

No. If you exclude yourself, do not submit a Claim Form to ask for any benefits.

## 17.   How do I object to the Settlement?

If you do not exclude yourself from the Settlement Class, you can object to the Settlement if you do not agree with any part of it. You can give reasons why you think the Court should deny approval by filing an objection. To object, you must mail a written objection to the Settlement Administrator stating that you object to the Settlement in *Reynolds, et al. v. Marymount Manhattan College,* Case No. 1:22-cv-06846-LGS. Your objection must be filed no later than August 11, 2023.

The objection must be in writing and be personally signed by you. The objection must include: (i) the name of the proceedings; (ii) your full name, current mailing address, and telephone number; (iii) a statement that states with specificity the grounds for the objection, as well as any documents supporting the objection; (iv) a statement as to whether the objection applies only to the objector, to a specific subset of the class, or to the entire class; (v) the identity of any attorneys representing the objector; (vi) a statement regarding whether the Settlement Class Member (or his/her attorney) intends to appear and/or wishes to be heard at the Final Approval Hearing; (vii) a list of all other matters in which the objecting Settlement Class Member and/or his/her attorney has lodged an objection to a class action settlement; and (viii) the signature of the Settlement Class Member or the Settlement Class Member's attorney.

You must mail the objection to the Settlement Administrator at the address listed below, postmarked no later than August 11, 2023:

Marymount Manhattan College Data Incident Settlement Administrator
c/o Kroll Settlement Administration
P.O. Box 5324
New York, NY 10150-5324

## 18.   What's the difference between objecting and excluding myself from the Settlement?

Objecting simply means telling the Court that you don't like something about the Settlement.  You can object only if you stay in the Settlement Class.  Excluding yourself from the Settlement Class is telling the Court that you don't want to be part of the Settlement Class.  If you exclude yourself, you have no basis to object because the case no longer affects you.

### THE COURT'S FINAL APPROVAL HEARING

## 19.   When and where will the Court hold a hearing on the fairness of the Settlement?

The Court will hold the Final Approval Hearing on [InsertHearingDate] at the Courthouse located at [Insert Address or Videoconference Information].  The purpose of the hearing is for the Court to determine whether the Settlement is fair, reasonable, adequate, and in the best interests of the Settlement Class.  At the hearing, the Court will hear any objections and arguments concerning the fairness of the proposed Settlement, including those related to the amount requested by Class Counsel for attorneys' fees, costs, and expenses and the service awards to Class Representatives.

The location, date and time of the Final Approval Hearing are subject to change by Court order. Any changes will be posted at the Settlement Website, at www.marymountsettlement.com, or through the Court's publicly available docket. You should check the Settlement Website to confirm the date and time have not been changed.

## 20.   Do I have to come to the hearing?

No.  Class Counsel will answer any questions the Court may have.  But you are welcome to attend the hearing at your own expense.  If you send an objection, you don't have to come to Court to talk about it.  If your written objection was filed or mailed on time and meets the other criteria described in the Settlement, the Court will consider it.  However, you may appear on your behalf or pay a lawyer to attend on your behalf to assert your objection if you would like.

## 21.   May I speak at the hearing?

Yes. If you do not exclude yourself from the Settlement Class, you (or your attorney) may appear and speak at the Final Approval Hearing concerning any part of the proposed Settlement.

### GETTING MORE INFORMATION

## 22.   Where can I get additional information?

This Notice summarizes the proposed Settlement. More details are in the Settlement Agreement, which is available at www.marymountsettlement.com or by writing to Marymount Manhattan College Data Incident Settlement Administrator, c/o Kroll Settlement Administration, P.O. Box 5324, New York, NY 10150-5324.

## 23.   How do I get more information?

**Go to the Settlement Website, at www.marymountsettlement.com, call 1-833-747-6767, email info@marymountsettlement.com or write to Marymount Manhattan College Data Incident Settlement Administrator, c/o Kroll Settlement Administration, P.O. Box 5324, New York, NY 10150-5324.**

**PLEASE DO NOT CALL THE COURT, THE CLERK OF THE COURT, THE JUDGE, OR THE DEFENDANT WITH QUESTIONS ABOUT THE SETTLEMENT OR CLAIMS PROCESS.**

**<u>EXHIBIT 3</u>**

**IF YOU WERE NOTIFIED BY MARYMOUNT MANHATTAN COLLEGE REGARDING THE NOVEMBER 2021 DATA INCIDENT, YOU MAY BE ELIGIBLE FOR PAYMENT AND CREDIT MONITORING SERVICES FROM A CLASS ACTION SETTLEMENT.**

*Si desea recibir esta notificación en español, llámenos o visite nuestra página web.*

A settlement has been reached in a class action lawsuit against Marymount Manhattan College ("MMC" or "Defendant") relating to cyberattack against MMC's computer systems that occurred in or around November 2021 (the "Data Incident"). The computer systems possibly affected by the Data Incident potentially contained personal information of certain individuals. The Plaintiffs claim that MMC was responsible for the Data Incident.  MMC denies all of the claims.

**WHO IS INCLUDED?** Defendant's records show you received a notification from MMC regarding the Data Incident, and, therefore, you are included in this Settlement as a "Settlement Class Member" unless you opt out of the Settlement.

**SETTLEMENT BENEFITS**. The Settlement provides payments to people who submit valid claims for out-of-pocket expenses and lost time relating to the Data Incident, and for credit monitoring and identity protection services. The Settlement also provides an option for Settlement Class Members to submit a claim for an alternative cash payment.  Defendant also represents that it has adopted and implemented additional security measures following the Data Incident to further strengthen the security of its systems. **The only way to receive a benefit is to file a claim**. **To get a Claim Form, visit the Settlement Website, at www.marymountsettlement.com, or call 1-833-747-6767. The claim deadline is August 11, 2023.**

**OPT OUT**.  If you do not want to be legally bound by the Settlement, you must exclude yourself. A more detailed notice is available to explain how to exclude yourself.  You must mail your exclusion request, postmarked no later than **August 11, 2023**, to the Settlement Administrator. You cannot exclude yourself by phone or email.  If you exclude yourself from the Settlement, you will receive no benefits under the Settlement and will not be legally bound by the Court's judgments related to the Settlement Class and MMC in this class action.

**OBJECT**.  If you stay in the Settlement, you may object to it by **August 11, 2023,** if you do not agree with any part of it. A more detailed notice is available to explain how to object. You must mail your objection, postmarked no later than **August 11, 2023**, to the Settlement Administrator. You can object only if you stay in the Settlement Class.

**OTHER OPTIONS**. If you do nothing, you will remain in the Settlement Class, you will not be eligible for benefits, and you will be bound by the decisions of the Court and give up your rights to sue Defendant for the claims resolved by this Settlement.

**FOR MORE INFORMATION**.  Please visit the website or call 1-833-747-6767 for a copy of the more detailed notice. On **Month Day, 2023**, the Court will hold a Final Approval Hearing to determine whether to approve the Settlement, Class Counsel's request for attorneys' fees of 30% of the Settlement Fund, for the reimbursement of litigation costs and expenses not to exceed $10,000, and for Service Award Payments of $3,500 for each of the Class Representatives. The Motion for attorneys' fees and expenses and service awards will be posted on the Settlement Website, at

www.marymountsettlement.com, after it is filed. You or your own lawyer, if you have one, may ask to appear and speak at the hearing at your own cost, but you do not have to. This is only a summary. For more information, call or visit the Settlement Website below.

www.marymountsettlement.com                    833-747-6767

**<u>EXHIBIT 4</u>**

**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

PATRICK REYNOLDS, DANIEL LEWIS,
LUCIA MARANO, KRISTEN FRANCE, ABBEY
ABRECHT and JAHIDAH DIAAB, individually
and on behalf of all others similarly situated,

          Plaintiffs,

    v.

MARYMOUNT MANHATTAN COLLEGE,

          Defendant.

Case No. 1:22-CV-06846-LGS

**PRELIMINARY APPROVAL
ORDER**

     **WHEREAS,** a consolidated class action is pending in this Court entitled *Patrick Reynolds et al. v. Marymount Manhattan College*, Case No 1:22-cv-06846-LGS (the "Action");

     **WHEREAS**, Plaintiffs PATRICK REYNOLDS, DANIEL LEWIS, LUCIA MARANO, KRISTEN FRANCE, ABBEY ABRECHT and JAHIDAH DIAAB, individually and on behalf of all others similarly situated (collectively "Plaintiffs") and Defendant MARYMOUNT MANHATTAN COLLEGE ("Defendant") have entered into a Settlement Agreement (the "Settlement Agreement") that settles the above-captioned litigation and provides for a complete dismissal with prejudice of the claims asserted against Defendant in the above-captioned action (the "Action") on the terms and conditions set forth in the Settlement Agreement, subject to the approval of the Court;

     **WHEREAS**, Plaintiffs have made an application, pursuant to Rule 23 of the Federal Rules of Civil Procedure, for an order preliminarily approving the Settlement in accordance with the Settlement Agreement, certifying the Settlement Class for purposes of the Settlement only, appointing Plaintiffs as Class Representatives, appointing Class Counsel as counsel for the

Settlement Class, appointing Kroll Settlement Administration, LLC as Settlement Administrator, and allowing notice to Settlement Class Members as more fully described herein;

**WHEREAS**, the Court has read and considered: (a) Plaintiffs' motion for preliminary approval of the Settlement, and the papers filed and arguments made in connection therewith; and (b) the Settlement Agreement and exhibits attached thereto; and

**WHEREAS**, unless otherwise defined herein, the capitalized terms herein shall have the same meaning as they have in the Settlement Agreement.

**NOW, THEREFORE, IT IS HEREBY ORDERED:**

1.  **<u>Class Certification for Settlement Purposes Only</u>**. For settlement purposes only and pursuant to Fed. R. Civ. P. 23(b)(3) and (e), the Court certifies, solely for purposes of effectuating the proposed Settlement, a Settlement Class in this matter defined as follows:

> All persons who were sent notification by MMC that their personal information was or may have been compromised in the Data Incident.

The Settlement Class includes approximately 191,752 people. The Settlement Class specifically excludes: (1) the judges presiding over this Action, and members of their direct families; (2) MMC, its subsidiaries, parent companies, successors, predecessors, and any entity in which MMC or its parents have a controlling interest and their current or former officers, directors, and employees; and (3) Settlement Class Members who submit a valid a Request for Exclusion prior to the Opt-Out Deadline.

2.  **<u>Class Findings</u>**: The Court provisionally finds, for settlement purposes only, that: (a) the Settlement Class is so numerous that joinder of all Settlement Class Members would be impracticable; (b) there are issues of law and fact common to the Settlement Class; (c) the claims of the Class Representatives are typical of and arise from the same operative facts and seek similar relief as the claims of the Settlement Class Members; (d) the Class Representatives and Settlement

Class Counsel will fairly and adequately protect the interests of the Settlement Class as the Class Representatives have no interests antagonistic to or in conflict with the Settlement Class and have retained experienced and competent counsel to prosecute this matter on behalf of the Settlement Class; (e) questions of law or fact common to Settlement Class Members predominate over any questions affecting only individual members; and (f) a class action and class settlement is superior to other methods available for a fair and efficient resolution of this controversy.

3.  **Class Representatives and Settlement Class Counsel**:  PATRICK REYNOLDS, DANIEL LEWIS, LUCIA MARANO, KRISTEN FRANCE, ABBEY ABRECHT and JAHIDAH DIAAB are hereby provisionally designated and appointed as the Class Representatives. The Court provisionally finds that the Class Representatives are similarly situated to absent Settlement Class Members and therefore typical of the Settlement Class and that they will be adequate Class Representatives.

The Court finds that the following counsel are experienced and adequate counsel and are hereby provisionally designated as Settlement Class Counsel: (1) Victoria Jennings Maniatis, Gary M. Klinger and David K. Lietz of Milberg Coleman Bryson Phillips Grossman, PLLC; (2) Jonathan M. Sedgh, John A. Yanchunis and Ryan D. Maxey of Morgan & Morgan, P.A.; (3) Samuel J. Strauss and Raina C. Borelli of Turke & Strauss LLP; and (4) Terence R. Coates and Justin C. Walker of Markovits, Stock & DeMarco, LLC.

4.  **Preliminary Settlement Approval**.  The Court hereby preliminarily approves the Settlement, as embodied in the Settlement Agreement, as being fair, reasonable and adequate to the Settlement Class, subject to further consideration at the Final Approval Hearing to be conducted as described below.  Pursuant to Rule 23(e)(1) of the Federal Rules of Civil Procedure, the Parties have shown that the Court will likely be able to approve the proposal under Rule

23(e)(2), which requires the Court to consider the following factors in determining whether a proposed settlement is fair, reasonable, and adequate:

      (a)        have the class representatives and class counsel adequately represented the class;

      (b)        was the proposal negotiated at arm's length;

      (c)        is the relief provided for the class adequate, taking into account:

              (i)        the costs, risks, and delay of trial and appeal;

              (ii)      the effectiveness of any proposed method of distributing relief to the class, including the method of processing class-member claims;

              (iii)     the terms of any proposed award of attorneys' fees, including timing of payment; and

              (iv)    any agreement required to be identified under Rule 23(e)(3); and

      (d)        does the proposal treat class members equitably relative to each other.

For the purposes of preliminary approval, the Court finds: (a) Plaintiffs and Plaintiffs' Counsel have adequately represented the Settlement Class; (b) the Settlement is the result of arm's length negotiations conducted under the auspices of Hon. John W. Thorton (Ret.); (c) the relief provided is adequate when considering (i) the substantial costs, risks, and delay of continued litigation, (ii) the proposed method for processing Settlement Class Members' claims and distributing relief to eligible claimants is standard in data breach class action settlements and has been found to be effective in these types of settlements, and (iii) the conditions under which the Parties may terminate the Settlement is standard and has no negative impact on the fairness of the Settlement; and (d) the Settlement treats Settlement Class Members equitably relative to one another.

     5.     **Final Approval Hearing**. A Final Approval Hearing shall be held at ___:_ _.m. on _____, 2023, in the United States District Court for the Southern District of New York, at the Courthouse located at _____, _____, _____, _____ [by videoconference] for the following purposes: (a) to determine whether the proposed Settlement on the terms and conditions provided for in the Settlement Agreement is fair, reasonable and adequate

to the Settlement Class; (b) to determine whether a proposed Judgment substantially in the form annexed to the Settlement Agreement as Exhibit 5 should be entered dismissing the Action with prejudice against Defendant; (c) to determine whether the motion of Settlement Class Counsel for a Fee Award and Costs should be approved; (d) to determine whether the motion of the Class Representatives for  Service Award Payments should be approved; and (e) to consider any other matters that may be properly brought before the Court in connection with the Settlement.  Notice of the Settlement and the Final Approval Hearing shall be given to the Settlement Class Members as set forth in Paragraph 7 of this Order.

6.      The Court may adjourn the Final Approval Hearing without further notice to the Settlement Class Members, and may approve the proposed Settlement with such modifications as the Parties may agree to, if appropriate, without further notice to the Settlement Class Members.

7.      **<u>Retention of Claims Administrator and Manner of Giving Notice</u>**.  Class Counsel is hereby authorized to retain Kroll Settlement Administration (the "Settlement Administrator") to supervise and administer the notice procedure in connection with the proposed Settlement as well as the processing of Claims as set for more fully below.  Notice of the Settlement and the Final Approval Hearing shall be given as follows:

(a)      Within fourteen (14) days of this Order, Defendant shall provide the Settlement Class List to the Settlement Administrator;

(b)      Within thirty (30) days of this Order, the Settlement Administrator shall issue Notice to the Settlement Class Members in the manner set forth in the Settlement Agreement; and

(c)      As soon as practicable following entry of this Order, the Settlement Administrator shall establish the Settlement Website as set forth in the Settlement Agreement

8.     **Approval of Form and Content of Notice**. The Court (a) approves, as to form and content, the Claim Form, the Notice, and the Summary Notice, attached to the Settlement Agreement as Exhibits 1, 2 and 3, and as modified by the Parties and filed with the Court on May 9, 2023 (ECF No. ___), and (b) finds that the  Notice provided to Settlement Class Members as set forth in the Settlement Agreement (i) is the best notice practicable under the circumstances; (ii) constitutes notice that is reasonably calculated, under the circumstances, to apprise the Settlement Class Members of the pendency of the Action, of the effect of the proposed Settlement (including the releases to be provided thereunder), of Class Counsel's request for Fee Award and Costs, of Class Representatives' requests for Service Award Payments, of their right to object to the Settlement, Class Counsel's request for Fee Award and Costs, and/or Class Representatives' requests for Service Award Payments, of their right to exclude themselves from the Settlement Class, and of their right to appear at the Final Approval Hearing; (iii) constitutes due, adequate and sufficient notice to all persons entitled to receive notice of the proposed Settlement; and (iv) satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), and all other applicable law and rules.  The date and time of the Final Approval Hearing shall be included in the Notice before it is distributed.

9.     **Participation in the Settlement**.  Settlement Class Members who qualify for and wish to submit a Claim Form shall do so in accordance with the requirements and procedures specified in the Notice and the Claim Form, and must do so within sixty (60) days after Notice is provided to the Settlement Class Members.  If a Final Approval Order and Judgment is entered, all Settlement Class Members who qualify for any benefit under the Settlement but fail to submit a claim in accordance with the requirements and procedures specified in the Notice and the Claim Form shall be forever barred from receiving any such benefit, but will in all other respects be

subject to and bound by the provisions in the Settlement Agreement, the Release included in that Settlement Agreement, and the Final Approval Order and Judgment.

10. **Claims Process and Distribution and Allocation Plan**. Class Representatives and Defendant have created a process for assessing and determining the validity and value of claims and a payment methodology to Settlement Class Members who submit a timely, valid Claim Form. The Court preliminarily approves the claims process described in the Settlement Agreement and directs that the Settlement Administrator effectuate the distribution of Settlement consideration according to the terms of the Settlement Agreement, should the Settlement be finally approved.

11. **Exclusion from Class**. Any Settlement Class Member who wishes to be excluded from the Settlement Class must mail a written notification of the intent to exclude himself or herself from the Settlement Class to the Settlement Administrator at the address provided in the Notice, postmarked no later than **60 Days after the Notice Deadline** (the "Opt-Out Deadline"). The written notification must include the name of the proceeding, the individual's full name, current address, personal signature, and the words "Request for Exclusion" or a comparable statement that the individual does not wish to participate in the Settlement at the top of the communication.

Any Settlement Class Member who does not timely and validly exclude himself or herself from the Settlement shall be bound by the terms of the Settlement Agreement. If a Final Approval Order and Judgment is entered, any Settlement Class Member who has not submitted a timely, valid written notice of exclusion from the Settlement Class shall be bound by all proceedings, orders, and judgments in this matter, including but not limited to the Release set forth in the Final Approval Order and Judgment, including Settlement Class Members who have previously initiated or who subsequently initiate any litigation against any or all of the Released Parties relating to the claims and transactions released in the Settlement Agreement. All Settlement Class Members who

submit valid and timely notices of exclusion from the Settlement Class shall not be entitled to receive any benefits of the Settlement.

12. **Objections and Appearances**. No Settlement Class Member shall be heard, and no papers, briefs, pleadings, or other documents submitted by any Settlement Class Member shall be received and considered by the Court, unless the objection is mailed first-class postage prepaid to the Settlement Administrator at the address listed in the Notice, and postmarked by no later than the Objection Deadline, as specified in the Notice. For an objection to be considered by the Court, the objection must also include all of the information set forth in Paragraph 78 of the Settlement Agreement, which is as follows: (i) the name of the proceedings; (ii) the Settlement Class Member's full name, current mailing address, and telephone number; (iii) a statement that states with specificity the grounds for the objection, as well as any documents supporting the objection; (iv) a statement as to whether the objection applies only to the objector, to a specific subset of the class, or to the entire class; (v) the identity of any attorneys representing the objector; (vi) a statement regarding whether the Settlement Class Member (or his/her attorney) intends to appear and wishes to be heard at the Final Approval Hearing; (vii) a list of all other matters in which the objecting Settlement Class Member and/or his/her attorney has lodged an objection to a class action settlement; and (viii) the signature of the Settlement Class Member or the Settlement Class Member's attorney.

13. Any Settlement Class Member who fails to comply with the provisions in Paragraph 12 may waive and forfeit any and all rights he or she may have to object, and shall be bound by all the terms of the Settlement Agreement, this Order, and by all proceedings, orders, and judgments in this matter, including, but not limited to, the release in the Settlement Agreement if a Final Approval Order and Judgment is entered.  If a Final Approval Order and Judgment is

entered, any Settlement Class Member who fails to object in the manner prescribed herein shall be deemed to have waived his or her objections and shall be forever barred from making any such objections in this Action or in any other proceeding or from challenging or opposing, or seeking to reverse, vacate, or modify any approval of the Settlement Agreement, the motion for Service Award Payments, or the motion for Fee Award and Costs.

14. **Termination of Settlement**. This Order shall become null and void and shall be without prejudice to the rights of the Parties, all of whom shall be restored to their respective positions existing as of the date of the execution of the Settlement Agreement if the Settlement is not finally approved by the Court or is terminated in accordance with the Settlement Agreement. In such event, the Settlement and Settlement Agreement shall become null and void and be of no further force and effect, and neither the Settlement Agreement nor the Court's orders, including this Order, relating to the Settlement shall be used or referred to for any purpose whatsoever.

15. **Use of Order**. This Order shall be of no force or effect if a Final Approval Order and Judgment is not entered or there is no Effective Date and shall not be construed or used as an admission, concession, or declaration by or against Defendant of any fault, wrongdoing, breach, liability, or the certifiability of any class. Nor shall this Order be construed or used as an admission, concession, or declaration by or against the Settlement Class Representative or any other Settlement Class Member that his or her claim lacks merit or that the relief requested is inappropriate, improper, unavailable, or as a waiver by any Party of any defense or claim he, she, or it may have in this litigation or in any other lawsuit.

16. **Stay of Proceedings and Temporary Injunction**. Until otherwise ordered by the Court, the Court stays all proceedings in the Action other than proceedings necessary to carry out or enforce the terms and conditions of the Settlement Agreement.  Pending final determination of

whether the Settlement should be approved, the Court bars and enjoins Plaintiffs, and all other members of the Settlement Class, from commencing or prosecuting any and all of the Released Claims against the Released Entities.

17.     **Settlement Administration Fees and Expenses**.  All reasonable costs incurred with notifying Settlement Class Members of the Settlement and administering the Settlement shall be paid as set forth in the Settlement Agreement.  Notwithstanding the foregoing, such notice and administration costs paid shall not exceed $169,521.00 without further approval of the Court.

18.     **Settlement Fund**.  The contents of the Settlement Fund shall be deemed and considered to be *in custoda legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as funds shall be distributed pursuant to the Settlement Agreement and/or further order(s) of the Court.

19.     **Taxes**.  The Settlement Administrator is authorized and directed to prepare any tax returns and any other tax reporting form for or in respect to the Settlement Fund, to pay from the Settlement Fund any taxes owed with respect to the Settlement Fund, and to otherwise perform all obligations with respect to taxes and any reporting or filings in respect thereof without further order of the Court in a manner consistent with the provisions of the Settlement Agreement.

20.     The Court retains jurisdiction to consider all further applications arising out of or connected with the proposed Settlement.

21.     **Summary of Deadlines**.  The preliminarily approved Settlement shall be administered according to its terms pending the Final Approval Hearing. Deadlines arising under the Settlement Agreement and this Order include but are not limited to:

**Notice Deadline**: 30 Days after Preliminary Approval
**Motion for Final Approval**: 30 Days before Final Approval Hearing
**Motions for Service Award Payments and Fee Award and Costs**: 14-Days prior to the Objection Deadline and Opt-Out Deadline

**Opt-Out Deadline**: 60 Days after Notice is sent to the Settlement Class

**Objection Deadline**: 60 Days after Notice is sent to the Settlement Class

**Replies in Support of Final Approval, Service Award Payments, and Fee Award and Cost Requests**: 14 Days before Final Approval Hearing

**Claims Deadline**: 60 Days after Notice is sent to the Settlement Class

**Final Approval Hearing**: at least 90 Days after Preliminary Approval


     **IT IS SO ORDERED** this ___ day of _____, 202___.



_____
Hon. Lorna G. Schofield
United States District Judge

**<u>EXHIBIT 5</u>**

**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

PATRICK REYNOLDS, DANIEL LEWIS,
LUCIA MARANO, KRISTEN FRANCE, ABBEY
ABRECHT and JAHIDAH DIAAB, individually
and on behalf of all others similarly situated,

        Plaintiffs,

    v.

MARYMOUNT MANHATTAN COLLEGE,

        Defendant.

Case No. 1:22-CV-06846-LGS

**FINAL APPROVAL ORDER AND
JUDGMENT**

        **WHEREAS,** a consolidated class action is pending in this Court entitled *Patrick Reynolds et al. v. Marymount Manhattan College*, Case No 1:22-cv-06846-LGS (the "Action");

        **WHEREAS**, Plaintiffs PATRICK REYNOLDS, DANIEL LEWIS, LUCIA MARANO, KRISTEN FRANCE, ABBEY ABRECHT and JAHIDAH DIAAB, individually and on behalf of all others similarly situated (collectively "Plaintiffs") and Defendant MARYMOUNT MANHATTAN COLLEGE ("Defendant") have entered into a Settlement Agreement (the "Settlement Agreement") that settles the above-captioned litigation and provides for a complete dismissal with prejudice of the claims asserted against Defendant in the above-captioned action (the "Action") on the terms and conditions set forth in the Settlement Agreement, subject to the approval of the Court;

        **WHEREAS**, unless otherwise defined in this Judgment, the capitalized terms herein shall have the same meaning as they have in the Settlement Agreement;

        **WHEREAS,** by Order dated May 11, 2023 ("Preliminary Approval Order"), this Court: (a) preliminarily approved the Settlement; (b) certified the Settlement Class solely for purposes of effectuating the Settlement; (c) ordered that notice of the proposed settlement be provided to

potential Settlement Class Members; (d) provided Settlement Class Members with the opportunity either to exclude themselves from the Settlement Class or to object to the proposed Settlement; and (e) scheduled a hearing regarding final approval of the Settlement;

**WHEREAS,** due and adequate notice has been given to the Settlement Class;

**WHEREAS, [XX]** Class Members submitted objections or Requests for Exclusion;

**WHEREAS**, the Court conducted a hearing on **[INSERT FINAL APPROVAL HEARING DATE]** (the "Final Approval Hearing") to consider, among other things, (a) the Objection(s) to the Settlement; (b) whether the terms and conditions of the Settlement were fair, reasonable and adequate to the Settlement Class, and should therefore be approved; (c) whether Class Counsel's motion for Fee Award and Costs should be granted; (d) whether Class Representatives' motion for Service Award Payments should be granted; and (e) whether a judgment should be entered dismissing the Action with prejudice as against Defendant; and

**WHEREFORE**, the Court having reviewed and considered the Settlement Agreement, all papers filed and proceedings had herein connection with the Settlement, all oral and written comments received regarding the Settlement, and the record in the Action, and good cause appearing therefor;

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED:**

1.      **Jurisdiction**:  This Court has jurisdiction over the subject matter of the Action, and all matters relating to the Settlement, as well as personal jurisdiction over all of the Parties and each of the Settlement Class Members.

2.      **Incorporation of Settlement Documents**:  This Judgment incorporates and makes a part hereof: (a) the Settlement Agreement filed with the Court on March 10, 2023; and (b) the Notice documents filed with the Court on May 9, 2023.

3.     **Class Certification for Settlement Purposes**:   The Court hereby affirms its determinations in the Preliminary Approval Order certifying, for the purposes of the Settlement only, the Action as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of the Settlement Class consisting of all individuals who were sent notification by Defendant that their personal information was or may have been compromised in the Data Incident. Excluded from the Settlement Class are: (1) the judges presiding over this Action, and members of their direct families; (2) Defendant, its subsidiaries, parent companies, successors, predecessors, and any entity in which Defendant or its parents have a controlling interest and their current or former officers, directors, and employees; and (3) Settlement Class Members who submit a valid a Request for Exclusion prior to the Opt-Out Deadline.

4.     **Adequacy of Representation**:   Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for the purposes of the Settlement only, the Court hereby affirms its determinations in the Preliminary Approval Order certifying Plaintiffs and Class Representatives for the Settlement Class and appointing Class Counsel to serve as counsel for the Settlement Class. Plaintiffs and Class Counsel have fairly and adequately represented the Settlement Class both in terms of litigating the Action and for purposes of entering into and implementing the Settlement and have satisfied the requirements of Federal Rules of Civil Procedure 23(a)(4) and 23(g), respectively.

5.     **Notice**:   The Court finds that the dissemination of the Notice: (a) was implemented in accordance with the Preliminary Approval Order; (b) constituted the best notice practicable under the circumstances; (c) constituted notice that was reasonably calculated, under the circumstances, to apprise Settlement Class Members of (i) the pendency of the Action, (ii) the effect of the proposed Settlement (including the releases to be provided thereunder), (iii) Class

Counsel's motion for a Fee Award and Costs, (iv) Class Representatives' motion for a Service Award Payments, (v) their right to object to any aspect of the Settlement, Class Counsel's motion for a Fee Award and Costs, and/or Class Representatives' motion for a Service Award Payments, (vi) their right to exclude themselves from the Settlement Class, and (vii) their right to appear at the Final Approval Hearing; (d) constituted due, adequate and sufficient notice to all persons and entities entitled to receive notice of the proposed Settlement; and (e) satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), and all other applicable law and rules.

6.    **Objection**: [TO BE DETERMINED]

7.    **Final Settlement Approval and Dismissal of Claims**:   Pursuant to, and in accordance with, Rule 23 of the Federal Rules of Civil Procedure, this Court hereby fully and finally approves the Settlement set forth in the Settlement Agreement in all respects (including, without limitation: the amount of the Settlement Fund; the Releases provided for in the Settlement Agreement; and the dismissal with prejudice of the claims asserted against Defendant in the Action), and finds that the Settlement is, in all respects, fair, reasonable and adequate to the Settlement Class.  The Parties are directed to implement, perform and consummate the Settlement in accordance with the terms and provisions contained in the Settlement Agreement.

8.    Upon the Effective Date, the Action shall be, and hereby is dismissed with prejudice in its entirety as to the Defendant, with each party to bear their own costs and attorneys' fees, except as provided in the Settlement Agreement, and all of the claims of the Settlement Class Members shall be, and hereby are, dismissed and released pursuant to the Settlement Agreement.

9.    **Binding Effect**: The terms of the Settlement Agreement and this Judgment shall be forever binding on Defendant, Plaintiffs, and all other Settlement Class Members (regardless

of whether or not any individual Settlement Class Member submitted a Claim Form or seeks or obtains a distribution or benefits from the Net Settlement Fund), as well as their respective successors and assigns.

10.     **Releases**:   The releases set forth in the Settlement Agreement are expressly incorporated herein in all respects.   The releases are effective as of the Effective Date. Accordingly, this Court orders that, upon the Effective Date, and in consideration of the Settlement benefits described in the Settlement Agreement, each Releasing Party shall be deemed to have released, acquitted, and forever discharged Defendant and each of the Released Parties from any and all Released Claims.

11.     Notwithstanding Paragraph 10 above, nothing in this Judgment shall bar any action by any of the Parties to enforce or effectuate the terms of the Settlement Agreement or this Judgment.

12.     **Rule 11 Findings**:   The Court finds and concludes that the Parties and their respective counsel have complied in all respects with the requirements of Rule 11 of the Federal Rules of Civil Procedure in connection with the institution, prosecution, defense and settlement of the Action.

13.     **No Admissions**:   This Judgment and Order, and the Settlement Agreement, and all papers related thereto, are not, and shall not be construed to be, an admission by the Defendant of any liability, claim or wrongdoing in this Action or in any other proceeding.

14.     **Retention of Jurisdiction**:   Without affecting the finality of this Judgment in any way, this Court retains continuing and exclusive jurisdiction over: (a) the Parties for purposes of the administration, interpretation, implementation and enforcement of the Settlement; (b) the disposition of the Settlement Fund; (c) Class Counsel's motion for a Fee Award and Costs; (d)

Class Representatives' motion for Service Award Payments; and (e) the Settlement Class Members for all matters relating to the Action.

15.     Upon consideration of Class Counsel's Motion for a Fee Award and  Costs, and consistent with Paragraph 95 of the Settlement Agreement, Class Counsel is hereby awarded attorneys' fees in the amount of _____ and costs and expenses in the amount of _____, to be paid as specified in the Settlement Agreement.

16.     Upon consideration of Plaintiffs' Motion for Service Award Payments to Class Representatives, and consistent with Paragraph 93 of the Settlement Agreement, Class Representatives are hereby awarded Three Thousand Five Hundred Dollars and Zero Cents ($3,500.00) each, to be paid as specified in the Settlement Agreement.

17.     **Modification of the Agreement of Settlement**:  Without further approval from the Court, Plaintiffs and Defendant are hereby authorized to agree to and adopt such amendments or modifications of the Settlement Agreement or any exhibits attached thereto to effectuate the Settlement that: (a) are not materially inconsistent with this Judgment; and (b) do not materially limit the rights of Settlement Class Members in connection with the Settlement.  Without further order of the Court, Plaintiffs and Defendant may agree to reasonable extensions of time to carry out any provisions of the Settlement.

18.     **Termination of Settlement**:  If the Settlement is terminated as provided in the Settlement Agreement or the Effective Date of the Settlement otherwise fails to occur, this Judgment shall be vacated, rendered null and void and be of no further force and effect, except as otherwise provided by the Settlement Agreement, and this Judgment shall be without prejudice to the rights of Plaintiffs, the other Settlement Class Members and Defendant, and the Parties shall

revert to their respective positions in the Action as of March 9, 2023, as provided in the Settlement

Agreement.

19.  **<u>Entry of Judgment</u>**:  There is no just reason for delay of entry of this Judgment as

a final judgment in this Action.  Accordingly, the Clerk of the Court is expressly directed to

immediately enter this final Judgment in the Action.

     **IT IS SO ORDERED** this ___ day of _____, 202___.


_____
Hon. Lorna G. Schofield
United States District Judge