IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| PATRICK REYNOLDS, DANIEL LEWIS, LUCIA MARANO, KRISTEN FRANCE, ABBEY ABRECHT and JAHIDAH DIAAB, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>MARYMOUNT MANHATTAN COLLEGE,<br><br>Defendant. | Case No. 1:22-CV-06846-LGS<br><br>**ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT** |

**WHEREAS,** a consolidated class action is pending in this Court entitled *Patrick Reynolds et al. v. Marymount Manhattan College*, Case No 1:22-cv-06846-LGS (the "Action");

**WHEREAS**, Plaintiffs PATRICK REYNOLDS, DANIEL LEWIS, LUCIA MARANO, KRISTEN FRANCE, ABBEY ABRECHT and JAHIDAH DIAAB, individually and on behalf of all others similarly situated (collectively "Plaintiffs") and Defendant MARYMOUNT MANHATTAN COLLEGE ("Defendant") entered into a Settlement Agreement (the "Settlement Agreement") fully resolving the above-captioned litigation and provides for a complete dismissal with prejudice of the claims asserted against Defendant in the above-captioned action (the "Action") on the terms and conditions set forth in the Settlement Agreement (such resolution, the "Settlement") subject to the approval of the Court;

**WHEREAS**, unless otherwise defined in this Order, the capitalized terms herein shall have the same meaning as they have in the Settlement Agreement;

**WHEREAS,** by Order dated May 11, 2023 ("Preliminary Approval Order"), this Court: (a) preliminarily approved the Settlement; (b) certified the Settlement Class solely for purposes of effectuating the Settlement; (c) ordered that notice of the proposed settlement be provided to

potential Settlement Class Members; (d) provided Settlement Class Members with the opportunity either to exclude themselves from the Settlement Class or to object to the proposed Settlement; and (e) scheduled a hearing regarding final approval of the Settlement;

**WHEREAS,** due and adequate notice has been given to the Settlement Class;

**WHEREAS,** four Class Members submitted objections, three timely and one untimely, and thirty-seven Class Members submitted Requests for Exclusion;

**WHEREAS**, the Court conducted a hearing on October 4, 2023 (the "Final Approval Hearing") to consider, among other things, (a) the Objections to the Settlement; (b) whether the terms and conditions of the Settlement were fair, reasonable and adequate to the Settlement Class, and should therefore be approved; (c) whether Class Counsel's motion for Fee Award and Costs should be granted;[1] (d) whether Class Representatives' motion for Service Award Payments should be granted; and (e) whether a judgment should be entered dismissing the Action with prejudice as against Defendant; and

**WHEREFORE**, the Court having reviewed and considered the Settlement Agreement, all papers filed and proceedings had herein connection with the Settlement, all oral and written comments received regarding the Settlement, and the record in the Action, and good cause appearing therefor;

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED:**

1. **<u>Jurisdiction</u>**:  This Court has jurisdiction over the subject matter of the Action, and all matters relating to the Settlement, as well as personal jurisdiction over all of the Parties and each of the Settlement Class Members.

---

[1] Class Counsel's Motion Attorneys' Fees, Reimbursement of Expenses and Service Awards to Class Representatives are addressed in a separate order.

2. **Incorporation of Settlement Documents**:  This Order incorporates and makes a part hereof: (a) the Settlement Agreement filed with the Court on March 10, 2023; and (b) the Notice documents filed with the Court on May 9, 2023.  To the extent that these documents diverge from this Order, this Order controls.

3. **Class Certification for Settlement Purposes**:  The Court hereby affirms its determinations in the Preliminary Approval Order certifying, for the purposes of the Settlement only, the Action as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of the Settlement Class consisting of all individuals who were sent notification by Defendant that their personal information was or may have been compromised in the Data Incident.  Excluded from the Settlement Class are: (1) the judges presiding over this Action, and members of their direct families; (2) Defendant, its subsidiaries, parent companies, successors, predecessors, and any entity in which Defendant or its parents have a controlling interest and their current or former officers, directors, and employees; and (3) Settlement Class Members who submit a valid a Request for Exclusion prior to the Opt-Out Deadline.

4. **Adequacy of Representation**:  Under Rule 23 of the Federal Rules of Civil Procedure, and for the purposes of the Settlement only, the Court hereby affirms its determinations in the Preliminary Approval Order certifying Plaintiffs and Class Representatives for the Settlement Class and appointing Class Counsel to serve as counsel for the Settlement Class.  Plaintiffs and Class Counsel have fairly and adequately represented the Settlement Class both in terms of litigating the Action and for purposes of entering into and implementing the Settlement and have satisfied the requirements of Federal Rules of Civil Procedure 23(a)(4) and 23(g), respectively.

5.      **Notice**:  The Court finds that the dissemination of the Notice: (a) was implemented in accordance with the Preliminary Approval Order; (b) constituted the best notice practicable under the circumstances; (c) constituted notice that was reasonably calculated, under the circumstances, to apprise Settlement Class Members of (i) the pendency of the Action, (ii) the effect of the proposed Settlement (including the releases to be provided thereunder), (iii) Class Counsel's motion for a Fee Award and Costs, (iv) Class Representatives' motion for Service Award Payments, (v) their right to object to any aspect of the Settlement, Class Counsel's motion for a Fee Award and Costs, and/or Class Representatives' motion for a Service Award Payments, (vi) their right to exclude themselves from the Settlement Class, and (vii) their right to appear at the Final Approval Hearing; (d) constituted due, adequate and sufficient notice to all persons and entities entitled to receive notice of the proposed Settlement; and (e) satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), and all other applicable law and rules.

6.      **Objections**: There were four objections from Class Members, one untimely (Gloria Anderson) and three timely (Eileen Harris, Mery-Alexandra de la Campa, and Alberto de la Campa).  The Court has considered each of the four objections and overrules the three timely objections as not meritorious and strikes the untimely objection.

7.      **Opt-Outs**: Thirty-seven Class Members, listed in Exhibit A hereto, submitted Requests for Exclusion.  These Class Members are excluded from the Settlement and are not bound by the terms of the Settlement.

8.       **Final Settlement Approval**:  Upon review of the record, including the submissions in support of the Settlement, the Court finds that the Settlement resulted from arm's-length negotiations between experienced counsel and fall within the range of possible approval.

Pursuant to, and in accordance with, Rule 23 of the Federal Rules of Civil Procedure, this Court hereby fully and finally approves the Settlement set forth in the Settlement Agreement in all respects (including, without limitation: the amount of the Settlement Fund; the Releases provided for in the Settlement Agreement; and the dismissal with prejudice of the claims asserted against Defendant in the Action), and finds that the Settlement is, in all respects, fair, reasonable, and adequate as to, and in the best interests of, all Class Members, within the meaning of, and in compliance with all applicable requirements of, Federal Rule of Civil Procedure 23.  The Parties are directed to implement, perform and consummate the Settlement in accordance with the terms and provisions contained in the Settlement Agreement.

9. In reaching this conclusion, this Court has considered the factors set forth in *City of Detroit v. Grinnell Corp.*, 496 F.2d 448, 463 (2d Cir. 1974), *abrogated on other grounds by Goldberger v. Integrated Res., Inc.*, 209 F.3d 43 (2d Cir. 2000) and *Moses v. New York Times Co.*, 79 F.4th 235 (2d Cir. 2023).  The Court has considered the following factors in determining whether a proposed settlement is fair, reasonable, and adequate:

> (a) have the class representatives and class counsel adequately represented the class;
> (b) was the proposal negotiated at arm's length;
> (c) is the relief provided for the class adequate, taking into account:
>    (i) the costs, risks, and delay of trial and appeal;
>    (ii) the effectiveness of any proposed method of distributing relief to the class, including the method of processing class-member claims;
>    (iii) the terms of any proposed award of attorneys' fees, including timing of payment; and
>    (iv) any agreement required to be identified under Rule 23(e)(3); and
> (d) does the proposal treat class members equitably relative to each other.

For the purpose of final approval, the Court finds that: (a) Plaintiffs and Plaintiffs' Counsel have adequately represented the Settlement Class, as described above; (b) the Settlement is the result of arm's length negotiations conducted under the auspices of Hon. John W. Thorton (Ret.); (c) the relief provided is adequate when considering (i) the substantial costs, risks, and delay of

5

continued litigation, (ii) the proposed method for processing Settlement Class Members' claims and distributing relief to eligible claimants is standard in data breach class action settlements and has been found to be effective in these types of settlements, (iii) the attorneys' fees are reasonable, as discussed in a separately issued Order and (iv) the conditions under which the Parties may terminate the Settlement are typical and have no negative impact on the fairness of the Settlement and (d) the Settlement treats Settlement Class Members equitably relative to one another, with the limited grant of Service Awards in the amount of $1,000 as provided by a separately issued Order.

10.     **Dismissal of Claims:** Upon the Effective Date, the Action shall be, and hereby is dismissed with prejudice in its entirety as to the Defendant, with each party to bear their own costs and attorneys' fees, except as provided in the Settlement Agreement, and all of the claims of the Settlement Class Members shall be, and hereby are, dismissed and released pursuant to the Settlement Agreement.

11.     **Binding Effect**:  The terms of the Settlement Agreement and this Order shall be forever binding on Defendant, Plaintiffs, and all other Settlement Class Members (regardless of whether or not any individual Settlement Class Member submitted a Claim Form or seeks or obtains a distribution or benefits from the Net Settlement Fund), as well as their respective successors and assigns.

12.     **Releases**:  The releases set forth in the Settlement Agreement are expressly incorporated herein in all respects.  The releases are effective as of the Effective Date.  Accordingly, this Court orders that, upon the Effective Date, and in consideration of the Settlement benefits described in the Settlement Agreement, each Releasing Party shall be

deemed to have released, acquitted, and forever discharged Defendant and each of the Released Parties from any and all Released Claims.

13. Notwithstanding Paragraph 10 above, nothing in this Order shall bar any action by any of the Parties to enforce or effectuate the terms of the Settlement Agreement or this Order.

14. **Rule 11 Findings**: The Court finds and concludes that the Parties and their respective counsel have complied in all respects with the requirements of Rule 11 of the Federal Rules of Civil Procedure in connection with the institution, prosecution, defense and settlement of the Action.

15. **No Admissions**: This Order, and the Settlement Agreement, and all papers related thereto, are not, and shall not be construed to be, an admission by the Defendant of any liability, claim or wrongdoing in this Action or in any other proceeding.

16. **Retention of Jurisdiction**: Without affecting the finality of this Order in any way, this Court retains continuing and exclusive jurisdiction over: (a) the Parties for purposes of the administration, interpretation, implementation and enforcement of the Settlement; (b) the disposition of the Settlement Fund; (c) Class Counsel's motion for a Fee Award and Costs; (d) Class Representatives' motion for Service Award Payments; and (e) the Settlement Class Members for all matters relating to the Action.

17. **Modification of the Agreement of Settlement**: Without further approval from the Court, Plaintiffs and Defendant are hereby authorized to agree to and adopt such amendments or modifications of the Settlement Agreement or any exhibits attached thereto to effectuate the Settlement that: (a) are not materially inconsistent with this Order or the Court's separate Order concerning attorneys' fees, expenses and Plaintiffs' service awards; and (b) do not materially

limit the rights of Settlement Class Members in connection with the Settlement. Without further order of the Court, Plaintiffs and Defendant may agree to reasonable extensions of time to carry out any provisions of the Settlement.

18. **Termination of Settlement**: If the Settlement is terminated as provided in the Settlement Agreement or the Effective Date of the Settlement otherwise fails to occur, this Order shall be vacated, rendered null and void and be of no further force and effect, except as otherwise provided by the Settlement Agreement, and this Order shall be without prejudice to the rights of Plaintiffs, the other Settlement Class Members and Defendant, and the Parties shall revert to their respective positions in the Action as of March 9, 2023, as provided in the Settlement Agreement.

19. **Entry of Judgment**: There is no just reason for delay of entry of final judgment in this Action. Accordingly, the Clerk of the Court is expressly directed to enter final judgment in the Action.

**IT IS SO ORDERED** this _20_ day of October, 2023.

_____
**LORNA G. SCHOFIELD**
**UNITED STATES DISTRICT JUDGE**

# EXHIBIT A

Class Members Excluded from the Settlement

Angela Hibare
Anne Carpenter
Barbara Bush
Cary Boyles
Clara Witty
Daisy Diaz
Danni Santana
David Miller
Denise Wicki
Elizabeth Zhong
Erin Glasheen-Sheldon
Giorgio Bertellini
Gregory Tague
Hedy Rosen
James Arrowsmith
Karolina Jacks-Tague
Kenzie Dumars
Kylie Aliyah Rivera
Laura Smith
Lauren Kruse
Leann Sebald
Lenora Harris
Marissa Nigro
Mayvian Wei
Michaela Boyles
Natalia Gonzalez
Nicholas Ramos
Olivia Kurtz
Diana Kurtz
Paul Dumars
Paul Linnell
Peter Zhong
Rameen Naviwala
Roslyn Bernstein
Sabrina Zheng
Sara Spizzpichini
Sierra Chavez
Virginia Dumars